**CHAS. H. LILLY CO. et al. v. I. F. LAUCKS, Inc., et al.\***

**No. 7084.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 21, 1933.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This case is similar to and was consolidated for trial with the case of Lilly Co. et al. v. Laucks, Inc. (C. C. A.) 68. F.(2d) 175, No. 7083, opinion filed herewith. Case No. 7083 will be referred to hereinafter as the Johnson Patent Case. Both suits are between the same parties.

In this suit, as in the Johnson Patent Case, the bill of complaint named Kaseno Products Company and George F. Linquist as direct infringers of plaintiff-appellee's patents, by reason of having manufactured and sold an adhesive embodying the products of appellee's inventions, and alleged that the Chas. H. Lilly Company and Wilmot H. Lilly had contributorily infringed the patents by reason of having "sold to said Kaseno Products Com-

*Rehearing denied April 13, 1934.

pany, soya bean and/or vegetable protein material adapted and intended to be employed as a substantial part of the combination invented and patented, i. e., as a substantial part in the manufacture of said infringing adhesive of said Kaseno Products Company, said Chas. H. Lilly Company well knowing that said material was to be thus used to manufacture said infringing adhesive and fully intending that it should be so used."

The two patents involved in this case are Letters Patent 1,689,732, referred to as the Caustic Soda Patent, and Letters Patent 1,691,661, referred to as the Carbon Bisulphide Patent. The relation of these patents to the Johnson patent is explained as follows in the brief of appellee: "The Johnson 'patent' covers broadly the use of soya bean flour as an adhesive base. The 'Johnson' patent may be termed the 'parent' patent, relating essentially to the glue base, while the 'Caustic Soda' and 'Carbon Bisulphide' patents, which relate to improvements in chemicals to be used in connection with the glue base, may be termed 'improvement' or 'additional' patents, and are subsidiary to the 'Johnson' patent so far as the same relate to soya bean flour as a glue base. The 'Caustic Soda' patent teaches, among other things, how to make a 'better glue' using soya bean flour as a glue base. The 'Carbon Bisulphide' patent teaches that an adhesive can be made water resistant with the use of carbon bisulphide. Claims 13 and 14, which were held valid and infringed, by the lower court, teach that added water resistance to soya bean glues may be accomplished by the use of carbon bisulphide."

The trial court found that the claims of the patents which were in issue are valid, and have been infringed by Kaseno Products Company and George F. Linquist, as alleged, and contributorily infringed by Chas. H. Lilly Company and Wilmot H. Lilly.

Here, as in the Johnson Patent Case, but two of the defendants, namely, Chas. H. Lilly Company and Wilmot H. Lilly, have appealed from the decree in favor of appellee, and the sole question before this court is, Does the evidence sustain the finding that appellant Lilly Company and appellant Lilly contributorily infringed appellee's patents?

For the reasons stated in our opinion in the Johnson Patent Case, appellee's motion to disregard appellant's assignments of error and exceptions is denied.

The evidence adduced by appellee in support of its charge of contributory infringement in this case is the same as in the

Johnson Patent Case, as a reference to the opinion of the trial court will disclose. [59 F.(2d) 811.] A detailed discussion of the evidence in connection therewith would serve no useful purpose, but would merely be a repetition of what is recited in our opinion in the Johnson Patent Case. Here, as in the Johnson Patent Case, the evidence does not, in our opinion, establish that appellants furnished the element in question to Kaseno Products Company with the intent and for the purpose that it would be used in manufacturing infringing glues. For the reasons stated in our opinion in the Johnson Patent Case, and on the authorities there cited, the decree herein, in so far as it holds appellant Lilly Company and appellant Lilly guilty of contributory infringement of appellee's Caustic Soda Patent and appellee's Carbon Bisulphide Patent, must be reversed; and it is so ordered.